# In the United States Court of Federal Claims

No. 23-1994C
Filed: January 2, 2024
NOT FOR PUBLICATION

|  |  |
|---|---|
| MARVIN J. BELSER SR., *Plaintiff*, v. UNITED STATES, *Defendant*. | |

**ORDER**

The plaintiff, a Michigan prison inmate, filed a complaint on November 13, 2023. Concurrent with the complaint, the plaintiff filed a motion for leave to proceed *in forma pauperis*. On November 21, 2023, that motion was denied under 28 U.S.C. 1915(g) because the plaintiff had filed at least three federal complaints that had been dismissed as frivolous or for failure to state a claim. The order noted that the plaintiff had not alleged that he was "under imminent danger of serious physical injury." Inmates who can show such an imminent threat may avoid dismissal for failure to pay the filing fee pursuant to 28 U.S.C. § 1915(g), notwithstanding three or more prior dismissals. The plaintiff was ordered to pay the filing and administrative fees by December 21, 2023, or his complaint would be dismissed under Rule 41 of the Rules of the Court of Federal Claims ("RCFC").

On November 27, 2023, the plaintiff filed a notice of change of address indicating he was at a new prison. That notice was not docketed until December 19, 2023. On that same day, mail that had been sent to the plaintiff at the address he initially provided to the Clerk was returned as undeliverable. Because the mail to the plaintiff was returned, the Court presumed that the plaintiff did not receive a copy of the Order directing him to pay the filing fee by December 21 and extended the deadline by which the plaintiff had to remit the filing fee until January 19, 2024.

Despite the extension of time accorded to the plaintiff, it appears the plaintiff did receive a copy of the November 21 Order, because on December 18, 2023, the plaintiff prepared a notarized letter requesting reconsideration of the denial of his motion to proceed *in forma pauperis*. The plaintiff's letter was received by the Clerk on December 28, 2023. On January 2, 2024, the Court ordered the Clerk to file the letter, which the Court will treat as a motion for reconsideration of the denial of his motion to proceed *in forma pauperis*.

In support of his motion for reconsideration, the plaintiff acknowledges that he "did file the claims in federal court" identified in the November 21 Order as having been dismissed as frivolous or for failure to state a claim. The plaintiff explains, however, that he has several significant illnesses and physical ailments that present an "imminent threat of serious physical

injury." The plaintiff therefore seeks to take advantage of the exception in 28 U.S.C. § 1915(g) to be allowed to file this case without prepayment of the filing fee.

The exception to the general rule requiring denial of leave to proceed *in forma pauperis* to a prison inmate who has filed at least three prior cases dismissed as frivolous or for failure to state a claim is obviously intended to ensure that no prisoner be harmed due to prior litigation practice when that prisoner is confronted by an "imminent danger of serious physical injury." The exception allows an inmate the opportunity to obtain prompt judicial relief when necessary; the relief to be sought in such cases is of necessity going to be equitable in nature, typically an injunction to prevent the injury. The exception to the "three strikes" rule of 28 U.S.C. § 1915(g) does not fit comfortably with the jurisdiction of the Court of Federal Claims. This court can only award money damages against the United States. Money damages will not generally prevent imminent harm to a prison inmate, only compensate the inmate after the fact if such harm has occurred.

Whether the "imminent danger" exception to the "three strikes" rule can sensibly be applied to suits in the Court of Federal Claims is not ripe for decision. The plaintiff has failed to explain how the money damages he seeks can prevent the imminent harm he claims to face. More to the point, the plaintiff is an inmate in a Michigan state prison, not a federal prison. The Court of Federal Claims may not exercise jurisdiction over a state defendant in any event to prevent or remedy the asserted imminent harm.

The plaintiff has failed to show that he is permitted to proceed *in forma pauperis* notwithstanding the dismissals of his three prior cases as frivolous or for failure to state a claim. The plaintiff's motion for reconsideration is **DENIED**. The plaintiff shall remit the filing fee no later than **January 30, 2024**. If the plaintiff fails to pay the filing fee in full by that date, this case will be dismissed without prejudice pursuant to RCFC 41.

It is so **ORDERED**.

s/ Richard A. Hertling
**Richard A. Hertling**
**Judge**